# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**EBONY BAKER**                                                                                  **PLAINTIFF**

**v.**                              **Case No. 5:19-cv-00171-LPR**

**LENNOX INDUSTRIES INC.**                                      **DEFENDANT**

## ORDER

On February 20, 2020, the Court granted in part the parties' Joint Motion for Leave to File Agreement Under Seal and for Approval of Confidential Settlement and Dismissal with Prejudice ("Joint Motion") to the extent that the parties had leave to file the Settlement Agreement under seal. (Doc. 16). The parties did so (Doc. 17), and the Court has subsequently reviewed the Settlement Agreement. The Court GRANTS the parties' Joint Motion to the extent that the Court approves the settlement and dismisses the case with prejudice. The Court notes that there have been no motions or certifications of a class or collective action, so this Agreement will only bind the named parties.

Circuits are split on whether a private settlement of an FLSA claim requires court approval,[1] and the Eighth Circuit has yet to decide this issue.[2] Assuming that judicial approval is necessary and appropriate, the Court will approve the settlement if it determines that the parties are not negotiating around the FLSA's requirements and that the settlement is a fair and reasonable resolution of a bona fide dispute.[3] After reviewing the parties' Joint Motion and the Settlement

---

[1] *Compare Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing a settlement that was reached without judicial or Department of Labor approval), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding FLSA settlements require approval from the district court or Department of Labor), *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (same).

[2] *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).

[3] *See, e.g.*, *Sims v. Goodwill Indus. of Ark., Inc.*, No. 4:19-CV-00289-KGB, 2019 WL 5957177, at *2 (E.D. Ark. Nov.

Agreement, the Court is satisfied that the parties are resolving a bona fide dispute, and that the Settlement Agreement is fair, reasonable, and consistent with the FLSA. It is likewise apparent that the agreement was reached through arm's length negotiation, and that all parties were represented by experienced counsel.

The Eighth Circuit has clearly held that 29 U.S.C. § 216 "does not require approval of settled attorney fees."[4] In fact, a district court's review does "not extend beyond concluding the merits settlement was satisfactory."[5] So, in general, it is inappropriate for the Court to review attorneys' fees. Nevertheless, a district court does retain the authority to ensure that the attorneys' fees were "negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client."[6] In essence, this limited review serves as a layer of protection for plaintiffs from their own counsel. After review of the Settlement Agreement, the Court is satisfied that the attorneys' fees were determined independently of Ms. Baker's settlement amount.

Accordingly, the Joint Motion is GRANTED. The Court approves the Settlement Agreement and dismisses the case with prejudice.[7]

IT IS SO ORDERED this 28th day of February 2020.

_____
UNITED STATES DISTRICT JUDGE

---

12, 2019); *Knight v. Idaho Timber of Carthage, LLC.*, No. 5:18-CV-00215-KGB, 2019 WL 4923151 at *1 (E.D. Ark. Oct. 4, 2019); *Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017); *Cruthis v. Vision's*, No. 4:12-CV-00244-KGB, 2014 WL 4092325, at *1 (E.D. Ark. Aug. 19, 2014).

[4] *Barbee*, 927 F.3d at 1027.

[5] *Id.*

[6] *Id.* at 1027 n.1.

[7] The Court declines to maintain jurisdiction to enforce the parties' settlement. If any terms of the Settlement Agreement are breached, the breach can be addressed by a contract claim in an appropriate court.